# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**THEODORE L. CHAIRES,**

    Petitioner,

vs.                                         Case No. 4:11cv387-SPM/WCS

**LEON COUNTY JAIL,**

    Respondent.

_____/

## REPORT AND RECOMMENDATION TO DISMISS § 2254 PROCEEDING

Petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in this case and in 4:11cv415-MP/WCS. *See* doc. 5 (noting the confusion in docketing the separate petitions).

Petitioner was directed to file an amended petition in this case, as it did not appear that he was still "in custody" of this judgment for § 2254 purposes, and because (assuming he was) it appeared the petition was untimely. Doc. 6 (incorporated by reference). The amended petition clearly states that "[Petitioner] is not in custody on this case." Doc. 7, p. 1.

The prayer for relief provides, in its entirety:

> I wish for the court to view my 3.850 motion to see if the grounds I stated in the motion should have been valid to have been considered and why they were not [considered] when I sign[ed] the certificate of service to the judge for justice he did not grant it.  Also why did the court not respond to the error on appeal?

*Id.*, p. 7.[1]  The petition was signed on October 10, 2011.  *Id.*

This is not relief which can be granted under § 2254, which provides a remedy for a state prisoner "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  § 2254(a).  This court does not sit to explain the rationale behind state court rulings.  And § 2254 provides no remedy even if there is a defect in state collateral proceedings, as such defects do not undermine the validity of a conviction or sentence.  Alston v Department of Corrections, 610 F.3d 1318, 1325-26 (11th Cir.), *cert. denied*, 131 S.Ct. 829 (2010) (collecting cases).  The petition is subject to dismissal for challenging an expired conviction and for seeking relief unavailable under § 2254.

Moreover, according to the website maintained by the Florida Department of Corrections, Petitioner was received on October 13, 2011, for service of a sentence (to two years and four months) imposed on October 5, 2011, in Leon County case 1100287.[2]  An appeal has been filed in the First District Court of Appeal, case 1D11-

---

[1] Petitioner inserted an unnumbered page between pages four and five of the petition form, so the seventh page (and p. 5 in ECF) is marked (at the bottom of the form) as page 6.  Reference is to the correct page number, which is as assigned in ECF.

[2] Pursuant to separate order, the new address will be noted on the docket.

5793 (referencing lower case number 11-CF-287).[3]  As set forth in the report and recommendation entered in 4:11cv415-MP/WCS, Petitioner is in custody pursuant to that sentence but that judgment is not subject to review under § 2254 as he has not yet exhausted available state court remedies.[4]  If Petitioner has concerns regarding the use of any prior convictions at his recent sentencing, he should communicate his concerns to the attorney representing him on appeal.

Section 2254 Rule 11(a) provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."  A timely notice of appeal must still be filed, even if the court issues a certificate of appealability.  § 2254 Rule 11(b).

Petitioner cannot make a substantial showing of the denial of a constitutional right.  § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483-84, 120 S.Ct. 1595, 1603-04, 146 L.Ed.2d 542 (2000) (explaining how to satisfy this showing) (citation omitted).  Therefore, I recommend that the court deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides:  "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should

---

[3] Dockets are available online at www.1dca.org.

[4] "Federal habeas relief is available to state prisoners only after they have exhausted their claims in state court.  28 U.S.C. §§ 2254(b)(1), (c)."  O'Sullivan v. Boerckel, 526 U.S. 838, 839, 119 S.Ct. 1728, 1730, 144 L.Ed.2d 1 (1999).  In order to fully exhaust state remedies, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process."  526 U.S. at 845, 119 S.Ct. at 1732.

issue." Petitioner shall therefore make any argument as to whether a certificate should issue by objections to this report and recommendation.

It is therefore respectfully **RECOMMENDED** that this cause be **SUMMARILY DISMISSED WITHOUT PREJUDICE** to the extent Petitioner is challenging his recent sentence, as he has not exhausted state court remedies, and otherwise **DENIED** for it challenges to an expired sentence and seeks relief unavailable in this court. It is also **RECOMMENDED** that a certificate of appealability be **DENIED** pursuant to § 2254 Rule 11(a).

**IN CHAMBERS** at Tallahassee, Florida, on December 1, 2011.

    S/    William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**